UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BMO HARRIS BANK N.A., a national banking association,<br><br>Plaintiff,<br><br>v.<br><br>MILLER TRANSPORTATION LLC, a Washington limited liability company; and SKY BENSON, an individual resident and citizen of California,<br><br>Defendants. | CASE NO. C20-148 RSM<br><br>ORDER GRANTING IN PART PLAINTIFF BMO HARRIS BANK N.A.'S MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT MILLER TRANSPORTATION LLC |

## I. INTRODUCTION

This matter is before the Court on Plaintiff BMO Harris Bank N.A.'s Motion for Default Judgment as to Defendant Miller Transportation LLC. Dkt. #28. Plaintiff was previously granted default judgment as to Defendant Sky Benson. Dkt. #20. Having reviewed the record, and for the reasons that follow, the Court grants Plaintiff's motion in part.

## II. BACKGROUND

For the purposes of Plaintiff's motion for default judgment, the Court accepts the allegations of the complaint as true. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) ("The general rule of law is that upon default the factual allegations of the

ORDER – 1

complaint, except those relating to the amount of damages, will be taken as true.") (citing *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977)).

### A. Factual Background

Three times, Plaintiff loaned Defendant Miller Transportation LLC ("Defendant Miller Transportation") funds for the acquisition of certain specified trucking equipment (the "Collateral").[1] Dkt. #1 at ¶¶ 9–11. Each time, Defendant Miller Transportation entered into agreements to repay the loan, with interest, and granted Plaintiff a security interest in the Collateral (the "Agreements"). *See* Dkt. #1-2 at 2–6, 8–12, 14–17. Plaintiff perfected its security interest in the Collateral by properly recording liens on the Collateral. Dkt. #1 at ¶ 14.

Defendant Miller Transportation failed to make payments due and defaulted under the Agreements. *Id.* at ¶¶ 17–19. Under the Agreements, Plaintiff accelerated the amounts due and owing and indicated its intent to take possession of the Collateral because of its security interest. *Id.* at ¶¶ 22, 29–31. As of the dates of default, a total of $129,775.20 remained due under the Agreements. Dkt. #29 at 13. To date, Defendants "have failed or refused to pay the amounts due and owing under the Agreements and Guaranties" and Defendant Miller Transportation "has failed or refused to surrender the Collateral to Plaintiff." Dkt. #1 at ¶¶ 32–33.

### B. Procedural Background

Plaintiff initiated this action on January 30, 2020, making claims for injunctive relief, specific performance, replevin, and breach of contract. Dkt. #1. Plaintiff generally sought to prevent Defendant Miller Transportation's continued use of the Collateral, sought for Defendant Miller Transportation to perform its obligations under the parties' agreements, sought money

---

[1] More specifically, the trucking equipment constituting the Collateral was: (1) a 2015 Freightliner Cascadia Series Tractor (VIN: 3AKJGLD57FSFN3372); (2) a 2011 Great Dane Reefer Van Trailer (VIN: 1GRAA0621BW703560); and (3) a 2015 Freightliner Cascadia Series Tractor (VIN: 3AKJGLD51FSGF7139). Dkt. #1 at ¶ 13.

ORDER – 2

damages, and sought costs, attorneys' fees, and interest. *Id.* On July 9, 2020, Plaintiff served Defendant Miller Transportation, Dkt. #22, and when Defendant Miller Transportation failed to appear or defend in this action, default was entered on August 11, 2020. Dkt. #25.

### III. DISCUSSION

#### A. Jurisdiction

The Court has authority to enter default judgment against Defendant Miller Transportation based on the Court's order granting Plaintiff's motion for default, Dkt. #23, and the Clerk's subsequent entry of default, Dkt. #25, and pursuant to Federal Rule of Civil Procedure 55 and Local Civil Rule 55. The Court has subject matter jurisdiction over Plaintiff's claims based on the diversity of the parties under 28 U.S.C. § 1332(a). The Court has personal jurisdiction over Defendant Miller Transportation as it has sufficient minimum contacts with Washington and Plaintiff's claims arise from those contacts. *See* Dkt. #1. Specifically, Defendant Miller Transportation is a limited liability company formed in Washington and with a principal place of business in Bellevue, Washington. Dkt. #1 at ¶ 2.

#### B. Liability

Prior to entering default judgment, district courts must determine whether the well-pleaded allegations of a plaintiff's complaint establish a defendant's liability. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In making this determination, courts must accept the well-pleaded allegations of a complaint, except those related to damage amounts, as established fact. *Televideo Sys., Inc.*, 826 F.2d at 917–18.

In this case, Plaintiff adequately establishes Defendant Miller Transportation's liability. The allegations of the Complaint and the documents attached thereto indicate that Defendant Miller Transportation defaulted on its obligations under its Agreements with Plaintiff, leaving principal, interest, certain fees and charges, and costs due. Further, Defendant Miller

ORDER – 3

Transportation has breached the parties' Agreements by retaining Collateral for the loans despite Plaintiff's demands that it be returned pursuant to their Agreements.

**C. *Eitel* Factors Support Default Judgment**

Having determined Defendant Miller Transportation's liability, the Court considers whether to exercise its discretion to enter a default judgment. *Alan Neuman Prods. Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) ("Clearly, the decision to enter a default judgment is discretionary."). In making this determination, many courts find it helpful to consider the following factors set forth in *Eitel*:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

With only cursory consideration of the *Eitel* factors, the Court finds it clear that most of the factors weigh in favor of the entry of default judgment against Defendant Miller Transportation. Plaintiff would be deprived of the benefit of its Agreements with Defendant Miller Transportation if default judgment is not entered. The merits of Plaintiff's claims appear strong, Plaintiff's Complaint details Defendant Miller Transportation's legal liability, and the simple facts alleged appear unlikely to lend themselves to disputes of material facts. The sum at stake is no doubt significant to the parties but does not appear excessive and the amounts were agreed to by Defendant Miller Transportation. Further, there is no indication for the Court that Defendant Miller Transportation's failure to appear is the result of excusable neglect and Defendant Miller Transportation has failed to appear and defend the action or any of Plaintiff's subsequent motions. LOCAL RULES W.D. WASH. LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the

ORDER – 4

motion has merit."). Defendant Miller Transportation's failure to participate effectively hampers the "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," *Eitel*, 782 F.2d at 1472, and further supports default judgment. Accordingly, the Court grants default judgment as to Defendant Miller Transportation.

**D. Appropriate Relief**

Plaintiff must provide the court with evidence to establish the propriety of a sum of damages sought. *Televideo*, 826 F.2d at 917–18.

**1. Contractual Relief**

Plaintiff seeks primarily contractual relief and establishes that as of the dates upon which Defendant Miller Transportation defaulted on its loans, a total principal of $129,775.20 remained due under the Agreements. Dkt. #29 at ¶ 12, Ex. A. The principal sums under each loan continued to accrue interest at the contractual rate[2] until Plaintiff declared default on December 27, 2019, resulting in additional interest of $17,250.24. Dkt. #29 at Ex. A. In addition, $1,589.93 in unpaid interest was due for the month prior to default, unpaid late fees of $1,305.35 were outstanding, and an additional $60 of miscellaneous fees remained outstanding. *Id.* Upon default and acceleration, Plaintiff charged an additional $2,061.60 in fees. *Id.* This presented an outstanding balance, as of December 27, 2019, of $152,042.32. Dkt. #29 at ¶ 16.

Plaintiff additionally seeks interest accrued since December 27, 2019, which under the Agreements was to accrue at the rate of 1.5% per month, calculated on the assumption of a twelve-month year with equal thirty-day-months. *Id.* at ¶ 13. Plaintiff calculates the interest accruing on the principal on a per diem basis as $64.89. Contemporaneous with their seeking default judgment, Plaintiff calculated the accrual of an additional $17,130.96. *Id.* at ¶ 18.

---

[2] The Agreements had contractual interest rates of 14.41% 15.38% and 14.69%. Dkt. #1-2 at 2, 8, 14; at Dkt. #29 Ex. A.

ORDER – 5

The Court finds adequate support in the record for the amounts sought by Plaintiffs. Accordingly, the Court grants contractual damages of $169,173.28 with interest to accrue as allowed by federal law from the date of this Order.

### 2. Equitable and Injunctive Relief

In addition to contractual damages, Plaintiff also seeks orders of possession with regard to the Collateral and injunctive relief. Plaintiff alleges that the Agreements entitle it to immediate possession of the Collateral and require Defendant Miller Transportation to return the Collateral, at its own expense, to any location that Plaintiff directs. Dkt. #29 at ¶ 23; *see e.g.* Dkt. #1-2 at 4 (Section 5.2). But Defendant Miller Transportation has not done so, Dkt. #29 at ¶ 24, and Plaintiff argues that Defendant Miller Transportation's continued possession is therefore without a legal basis. Dkt. #28 at 5. Further, and due to the nature of the Collateral, Defendant Miller Transportation is able to continue utilizing the Collateral for commercial purposes while effectively hiding the Collateral throughout the United States. Dkt. #29 at ¶ 26. Plaintiff alleges that it is specifically injured by Defendant Miller Transportation's continued possession because once it regains possession of the Collateral it plans to sell the collateral and because delay in doing so depreciates the amount Plaintiff expects to realize from the sale of the Collateral.

Plaintiff maintains that to avoid this harm the Court should issue orders of possession and grant Plaintiff certain injunctive relief. Specifically, Plaintiff requests that the Court enjoin "Borrower and other persons and firms having knowledge of this injunction" from (1) "continuing to use the Collateral;" (2) failing to disclose the location of the Collateral to Plaintiff; and (3) failing to transfer possession of the Collateral to Plaintiff. Dkt. #28 at 9.

The Court does not find such relief appropriate here. The Court's finding is primarily premised on the absence of an identifiable injury to Plaintiff that has not been remedied by the other portions of this Order. Plaintiff maintains that it has the right to sell the Collateral to satisfy

ORDER – 6

Defendant Miller Transportation's debt under the Agreements and that it is harmed by depreciation to the Collateral that may occur prior to any sale taking place. But the Court finds this injury speculative. There is, of course, a chance that Plaintiff will be harmed by depreciation of the Collateral, but even if this is the case, Plaintiff does not explain why any such harm could not be adequately compensated by money damages. In fact, and even in the absence of any injunctive relief, Plaintiff is wholly compensated by the Court's award of money damages above.[3] Finding a lack of legal support for Plaintiff's requests and a lack of a cognizable injury, the Court denies further relief.

### E. Attorneys' Fees

Plaintiff asserts it is further entitled to attorneys' fees under the Agreements. However, Plaintiff anticipates that further action will be necessary in this case and asks that the Court stay its deadline for seeking any attorneys' fees and costs that may be available under the Agreements. Dkt. #15 at 4. The Court grants the request.

### IV.   CONCLUSION

Accordingly, and having reviewed Plaintiff's motion, the declarations and exhibits submitted in support, and the remainder of the record, the Court finds and ORDERS:

1. Plaintiff BMO Harris Bank N.A.'s Motion for Default Judgment as to Defendant Miller Transportation LLC (Dkt. #28) is GRANTED in part, as set forth above.
2. The Clerk shall enter judgment in favor of BMO Harris Bank N.A. and against Miller Transportation LLC in the amount of $169,173.28.
3. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961.

---

[3] The Court further notes that Plaintiff requests an injunction which binds third parties without demonstrating that Plaintiff is likely to be irreparably injured by those third parties in the absence of injunctive relief.

ORDER – 7

4. Plaintiff's request for a stay of the 14-day filing period for filing a motion requesting attorneys' fees, as set forth in Federal Rule of Civil Procedure 54(d)(2)(B), is granted and the deadline is stayed pending further order of this Court.

5. The Clerk may administratively CLOSE this action.

Dated this 11th day of March, 2021.

 

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 8