UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BMO HARRIS BANK N.A., a national banking association,<br><br>Plaintiff,<br><br>v.<br><br>MILLER TRANSPORTATION LLC, a Washington limited liability company; and SKY BENSON, an individual resident and citizen of California,<br><br>Defendants. | CASE NO. C20-148 RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND AMENDING JUDGMENT |

## I.   INTRODUCTION

This matter is before the Court on Plaintiff BMO Harris Bank N.A.'s Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59 or in the Alternative for Relief from Judgment Pursuant to Fed. R. Civ. P. 60 ("Motion for Reconsideration"). Dkt. #34. Plaintiff seeks reconsideration of the Court's prior order granting Plaintiff default judgment and awarding money damages and the resultant judgment entered in this case. Dkts. #30 and #31. Plaintiff argues that the Court committed error by mischaracterizing Plaintiff's replevin claim as an equitable one and improperly limiting Plaintiff's post-judgment rights by not granting equitable

ORDER – 1

relief. *See generally* Dkt. #34. Having considered Plaintiff's Motion for Reconsideration, the Court grants the Motion and amends its prior order and judgment as specified in this Order.

## II. BACKGROUND[1]

This case arises from three loans Plaintiff made to Defendant Miller Transportation LLC ("Defendant Miller Transportation") under the terms of substantially similar Loan and Security Agreements (the "Agreements"). The loaned funds were used to acquire trucking equipment (the "Collateral")[2] and Defendant Miller Transportation granted Plaintiff a security interest in the Collateral. Defendant Miller Transportation failed to make payments due and defaulted under the Agreements. As a result, Plaintiff accelerated the loans and indicated its intent to take possession of the Collateral. Defendant Miller Transportation has failed to pay the amounts due and owing and has not surrendered possession of the Collateral. By prior order, the Court entered default judgment in favor of Plaintiff, awarded money damages, and denied relief on Plaintiff's claims for replevin, injunctive relief, and specific performance.

## III. DISCUSSION

### A. Reconsideration

"Motions for reconsideration are disfavored." W.D. WASH. LOCAL RULES LCR 7(h)(1). Consequently, the Court will "ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "This

---

[1] For the purposes of this Order, the Court merely summarizes the factual background as set forth in its prior order (Dkt. #30 at 2) and the complaint (Dkt. #1).

[2] More specifically, the trucking equipment constituting the Collateral was: (1) a 2015 Freightliner Cascadia Series Tractor (VIN: 3AKJGLD57FSFN3372); (2) a 2011 Great Dane Reefer Van Trailer (VIN: 1GRAA0621BW703560); and (3) a 2015 Freightliner Cascadia Series Tractor (VIN: 3AKJGLD51FSGF7139). Dkt. #1 at ¶ 13.

ORDER – 2

standard is a 'high hurdle.' *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Neither the Local Civil Rules nor the Federal Rules of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple." *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1118 (W.D. Wash. 2010).

Similarly, Federal Rule of Civil Procedure authorizes relief from judgments for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). The rules provide ample support for the conclusion that judges may correct judicial errors within a reasonable time to avoid the inconvenience and expense of an appeal. *See Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir. 1966) (citing 7 MOORE, FEDERAL PRACTICE 60.22(3) pp. 235-238); see also *United States v. Kasz Enterprises, Inc.*, 862 F. Supp. 717, 720 (D.R.I. 1994) (gathering cases supporting a judge's discretionary decision to clarify, alter, or amend judgments).

Here, the Court finds that reconsideration is warranted. Plaintiff establishes that it was likely entitled to relief on its replevin claim as it is a legal, as opposed to equitable, claim. Dkt. #34 at 3. Plaintiff establishes that the Court may have inadvertently jeopardized Plaintiff's post-judgment remedies by failing to grant such relief. *See id.* at 2. Further, Plaintiff takes issue with the Court omitting relief which Plaintiff and Defendant Miller Transportation had set forth in the Agreements, depriving Plaintiff of the benefit of its contractual remedies. *Id.* at 3–4. The Court agrees and while the Court noted the factual basis for Plaintiff's requested relief, it nevertheless denied relief on the basis that additional relief beyond money damages was unnecessary. Dkt. #30 at 6–7. Plaintiff's Motion for Reconsideration, however, further clarifies its arguments for an order of possession and injunctive relief and the Court accordingly grants the Motion for Reconsideration and revisits its prior order.

//

//

ORDER – 3

**B. Appropriateness of Legal and Equitable Remedies**

This action is premised upon Loan and Security Agreements which provide they are governed by the laws of Texas and give Plaintiff the right to "exercise all of the rights and remedies of a secured party under the Uniform Commercial Code." *See* Dkt. #1-2 at 2–6, 8–12, 14–17. Texas has adopted the Uniform Commercial Code ("UCC"). *See* TEX. BUS. & COM. CODE Ch. 9 *Secured Transactions*. Here, the applicable provisions of the UCC specify that upon default, a secured party has remedies under the UCC and the agreement of the parties. *See* TEX. BUS. & COM. CODE § 9.601(a). These remedies "are cumulative and may be exercised simultaneously." *Id*. at § 9.601(c); *see also* Dkt. #28 at 4 (UCC "allows a secured creditor to 'repossess the collateral for the purpose of protecting it and concurrently proceed to enforce the debt' or to 'sue on the debt and proceed to repossess and sell the collateral'") (quoting 68A AM. JUR. 2D SECURED TRANSACTIONS § 532 (2009)).

**C. Replevin**

Plaintiff argues that it is entitled to an order of possession upon its replevin claim. Federal Rule of Civil Procedure 64 specifically provides that "every remedy . . . under the law of the state where the court is located" is available throughout an action. FED. R. CIV. P. 64(a); *see also* FED. R. CIV. P. 64 (b) (specifically identifying replevin as an available remedy). Here, Washington law requires Plaintiff to show:

> (a) That the plaintiff is the owner of the property or is lawfully entitled to the possession of the property by virtue of a special property interest, including a security interest . . .;
> (b) That the property is wrongfully detained by defendant;
> (c) That the property has not been taken for a tax, assessment, or fine pursuant to statute . . .; and
> (d) The approximate value of the property.

ORDER – 4

WASH. REV. CODE § 7.64.020(2); *see also RCB Int'l, Ltd. v. Labbeemint, Inc.*, No. 16-cv-3109-SAB, 2017 WL 3026931, at *4–5 (E.D. Wash. May 25, 2017) (quoting *Graham v. Notti*, 147 Wash. App. 629, 634–35, 196 P.3d 1070 (2008)).

Plaintiff's complaint contains adequate allegations, taken as true, to conclude that Plaintiff should be granted relief on its replevin claim. Pursuant to the Agreements and the applicable laws, Plaintiff was entitled to possession of the Collateral upon Defendant Miller Transportation's default. This right is in addition to Plaintiff's right to monetary damages. Accordingly, the Court agrees that Plaintiff is entitled to an order of possession.

**D. Injunctive Relief**

Plaintiff argues that injunctive relief is also necessary to effectuate the relief granted on its replevin claim because even if the Court grants it relief, Defendant Miller Transportation can avoid the effects by moving the Collateral out of this Court's jurisdiction. Such a scenario could force Plaintiff to play "whack-a-mole," chasing Defendant Miller Transportation with legal actions in multiple jurisdictions in order to recover possession of its Collateral. Additionally, Plaintiff notes that the Collateral is capable of continued use by Defendant Miller Transportation and that any continued use benefits Defendant Miller Transportation at the expense of Plaintiff. Plaintiff maintains that it is unlikely to fully collect on any money judgment and that continued use of the Collateral decreases the value of the Collateral and any recovery from its sale. Further, Plaintiff now establishes that Defendant Miller Transportation has been administratively dissolved, further calling into question its ability to satisfy the Court's monetary judgment. Dkt. #34 at 8 n.4; Dkt. #34-1. All of this, Plaintiff maintains, should entitle it to injunctive relief.

Permanent injunctive relief may be appropriate where a plaintiff demonstrates that: (1) it has suffered irreparable injury; (2) the remedies available at law are inadequate; (3) a remedy in equity is warranted, considering the hardships imposed on the parties; and (4) a permanent

ORDER – 5

injunction would not be contrary to the public interest. *See Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137 n.11 (9th Cir. 2006). Generally, an injunction must be narrowly tailored to remedy only the specific harms shown by a plaintiff, rather than to enjoin all possible breaches of the law. *See Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004).

Upon consideration, the Court agrees that limited injunctive relief is appropriate to assure that Plaintiff realizes the benefits of its Loan and Security Agreements and its legal rights. Plaintiff establishes that Defendant Miller Transportation has been administratively dissolved, its offices are vacant, and that its principal governors now reside outside of Washington. As a result, Plaintiff establishes that it is unlikely to recover the full sum of monetary damages and that the sale of the collateral is the most likely source of funds to satisfy the judgment. Concurrently, Defendant Miller Transportation's continued use of the Collateral causes its value to depreciate. Plaintiff thus establishes an ongoing and irreparable injury that makes an award of monetary damages inadequate on its own. Plaintiff also establishes that the balance of hardships tips markedly in its favor. Defendant has defaulted on its payments and obligations under the Loan and Security Agreements and absent injunctive relief Plaintiff maintains that it is unlikely to recover the Collateral. Dkt. #28 at 6–7. Defendant Miller Transportation has no legal ownership of the Collateral, entered Agreements obligating it to surrender the Collateral upon its default, and has not appeared or defended its actions. Granting Plaintiff injunctive relief in this circumstance serves the public interest.

The Court disagrees, however, with the scope of the requested injunctive relief. Plaintiff seeks an injunction requiring Defendant Miller Transportation "and other persons and firms having knowledge of" the injunction: (a) to discontinue use of the Collateral; (b) to inform Plaintiff of the location of the Collateral; and (c) to surrender the Collateral to Plaintiff. *Id.* at 9. The record does not support, and the Court will not enter, injunctive relief as to the undefined

ORDER – 6

class of "other persons and firms having knowledge of this injunction" as doing so would expose the class to potential consequences without Plaintiff making any showing of wrongdoing. *See Microsoft Corp. v. Premier Selling Techs.*, No. C15-463RAJ, 2015 WL 1408915, at *4 (W.D. Wash. Mar. 26, 2015) (refusing to enjoin actions of third parties without evidence that third parties were acting in concert with defendants). Accordingly, the Court denies Plaintiff's request in this regard and otherwise enters injunctive relief as to Defendant Miller Transportation.

## IV. CONCLUSION

Accordingly, and having reviewed Plaintiff's motion, the declarations and exhibits submitted in support, and the remainder of the record, the Court finds and ORDERS:

1. Plaintiff BMO Harris Bank N.A.'s Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59 or in the Alternative for Relief from Judgment Pursuant to Fed. R. Civ. P. 60 (Dkt. #34) is GRANTED.

2. Upon reconsideration, the Court GRANTS further relief on Plaintiff BMO Harris Bank N.A.'s Motion for Default Judgment as to Defendant Miller Transportation LLC (Dkt. #28):

   a. Plaintiff BMO Harris Bank N.A. is entitled to the immediate possession of the equipment described in Plaintiff's Verified Complaint (the "Collateral") summarized as follows:

   | Year | Make | Model | Desc. | VIN |
   |---|---|---|---|---|
   | 2015 | Freightliner | Cascadia Series | Tractor | 3AKJGLD57FSFN3372 |
   | 2011 | Great Dane | Reefer Van | Trailer | 1GRAA0621BW703560 |
   | 2015 | Freightliner | Cascadia Series | Tractor | 3AKJGLD51FSGF7139 |

   b. Defendant Miller Transportation LLC and any of its responsible managing agents, officers, directors, governors, or employees (acting within the scope of his or her office or employment), including Sky Benson and Dennis Perminov, are hereby

ORDER – 7

enjoined and restrained from (i) transporting, using, pledging, encumbering, selling, transferring, or disposing of the Collateral either in the operation of the business of Defendant Miller Transportation LLC or otherwise, except as may be necessary to move or transport the Collateral in order to comply with this Order; or (ii) restricting, limiting, or conditioning either the access of Plaintiff to the Collateral, or Plaintiff's ability to take possession of the Collateral. The above mentioned are further required to (i) contact Plaintiff's representative, as set forth in paragraph (c) below, by the end of the next business day after receiving notice of this Order and disclose the precise location of each and every item of Collateral; and (ii) by the end of the second business day after receiving notice of this Order, surrender the Collateral in its possession, custody, or control to Plaintiff at one or more locations to be designated by Plaintiff's representative and take all actions necessary to allow Plaintiff to obtain access to and possession of the Collateral, including terminating sub-leases, if any, and obtaining the Retained Collateral from any third parties who may have possession, custody, or control over the Collateral, including but not limited to third party sub-lessors.

c. Plaintiff's representative for purposes of this Order is:

> Micki Koepke
> Phone: (319) 832-3543
> Email: Micki.koepke@bmo.com

d. In accordance with applicable law and upon the request of the Plaintiff, the United States Marshals shall assist with recovery of the Collateral.

//

//

//

ORDER – 8

3. The Clerk is directed to enter an amended judgment setting forth the relief granted by this Order and the Court's prior order awarding monetary damages (Dkt. #30).

DATED this 9th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 9